UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00256-FDW

| | |
|---|---|
| VINCENT LINEBERGER, )<br>)<br>    Appellant, )<br>)<br>vs. )<br>)     **ORDER**<br>RINEHART PROPERTY )<br>MANAGEMENT, INC. and WARREN L. )<br>TADLOCK, Trustee, )<br>)<br>    Appellee. )<br>) | |

THIS MATTER is before the Court on appeal of Vincent Lineberger of the order entered in the bankruptcy court case of In Re Elizabeth Cole, Case No. 16-30960, granting the motion for relief from the automatic co-debtor stay. (Doc. No. 1-1). For the reasons set forth below, the Order of the bankruptcy court is AFFIRMED.

**BACKGROUND**

Based on a review of the record, the Court adopts and incorporates by reference those portions of Appellee's brief setting forth the procedural history and background in this case (Doc. No. 5, pp. 2-3), as well as the findings of fact in the Order on appeal (Doc. No. 1-1).

**STANDARD OF REVIEW**

This appeal is brought pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure. The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. See 28 U.S.C. § 158(a) (2012); Fed. R. Bankr. P. 8001, 9002(2). The conclusions of law of the bankruptcy court are reviewed *de novo*. Educational Credit Management Corp. v. Frushour (In re Frushour), 433 F.3d 393, 398 (4th Cir.

1

2005); Scholossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004); In re Catron, 164 B.R. 912, 915 (E.D. Va. 1994). Findings of fact of the bankruptcy court are set aside only where the findings are clearly erroneous. In re Frushour, 433 F.3d at 398. "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (citation omitted); see also In re Regional Building Sys., Inc., 320 F.3d 482, 485 (4th Cir. 2003). "In an appeal from the bankruptcy court, this Court does not sit in a position to reweigh the evidence and cannot reverse the bankruptcy court just because this Court, had it been sitting as the trier of fact, might have taken a different view of the evidence." In re Gallagher, 2011 WL 1130878, at *2 (W.D.N.C. March 25, 2011). "Accordingly, 'as long as the bankruptcy judge's inferences are reasonable and supported by the evidence, they will not be disturbed.'" Id. (citation omitted).

**DISCUSSION**

Appellant, who appears pro se, appears to argue error in the Bankruptcy Court Order asserting that Appellee Rinehart Property Management, Inc., does not have standing to sue on behalf of The Latham Company to enforce a rental agreement for an apartment complex. Lineberger has not presented sufficient evidence to contradict the findings of the Bankruptcy Court, specifically findings in paragraphs three through five (Doc. No. 1-1, p. 1), showing Rinehart's legal rights and ability to enforce the monthly rental agreement.

Likewise, Lineberger has failed to show this Court there is or was a co-debtor stay pursuant to Section 1301 of the United States Bankruptcy Code for the property located 1422-D Riverview Road Rock Hill South Carolina 29732. Appellant has not presented any evidence to contradict the conclusions that the Debtor in the underlying case, Elizabeth Cole, is not liable for the debt owed

to Rinehart, and no record evidence indicates Debtor is a joint tenant of the property. The Plan filed by the Debtor does not propose to pay the claim of Rinehart. Accordingly, there is no co-debtor stay.

Finally, as to Appellant's arguments about Rinehart's failure to serve an order of the Court, such argument is meritless.

Based on review of the arguments of the parties and record before the Court, Appellant's assertions of error are without merit. The Court finds neither factual nor legal error in the Bankruptcy Court's Order.

## CONCLUSION

IT IS THEREFORE ORDERED that the Order entered by the bankruptcy court is AFFIRMED. The Clerk is respectfully directed to CLOSE this case.

IT IS SO ORDERED.

Signed: January 3, 2020

_____
Frank D. Whitney
Chief United States District Judge